IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND MOURNING SR., for himself and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, GLAXOSMITHKLINE CONSUMER HEALTHCARE L.L.C., GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., BLOCK DRUG COMPANY, INC.,<br><br>    Defendants.<br>                                                              / | No. C 08-04929 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

**INTRODUCTION**

This case features Tubed Super Poligrip denture-cream products. Plaintiff Ronald Mourning alleges that Poligrip contains zinc and that zinc consumption leads to or threatens hypocupremia, a state of copper deficiency, which can cause irreversible neurological damage. Plaintiff claims that by omitting and misrepresenting the health hazards of using products containing zinc, defendants fraudulently induced him to purchase and use its denture-cream products in violation of state law. Defendants now move to dismiss plaintiff's first amended complaint on the ground that it fails to meet the requirements of FRCP 8(a), 9(b), and 12(b)(6) or, alternatively, move for a more definite statement pursuant to FRCP 12(e). For the following reasons, defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.

**STATEMENT**

Plaintiff started using Tubed Super Poligrip products containing zinc approximately ten years ago. Recently, he began suffering from numbness in his legs and right arm. He then learned about the connection between zinc consumption and hypocupremia, a state of copper deficiency, which could lead to irreversible neurological damage. Plaintiff discontinued use of defendants' denture-cream products and underwent medical testing to determine whether he was harmed by them. Subsequently, plaintiff confirmed his symptoms were not the result of his use of defendants' denture-cream products (Opp. at 4).

By the time zinc was added to defendants' denture-cream products (around 1996), plaintiff alleges that scientists generally knew and defendants either knew or should have known that excess zinc consumption could lead to hypocupremia. Because of this knowledge, plaintiff contends defendants had a duty to warn consumers. Defendants purportedly omitted, concealed, and intentionally misrepresented the dangers of its products by not warning consumers of the potential harm that could result from zinc toxicity, which plaintiff still claims could develop over time from prolonged use of the accused products.

Plaintiff asserts claims under the state CLRA and Section 17200 alleging that defendants unlawfully induced consumers to purchase and use poisonous denture-cream products. For relief, plaintiff requests equitable and/or injunctive relief as appropriate; monetary relief in the form of restitution; and damages.

**ANALYSIS**

As a preliminary matter, plaintiff alleges that defendants made an affirmative false representation in Texas around 2007 and that the representation was likely to mislead consumers and the class, but the complaint does not allege that he himself relied on that representation. At the motion hearing on February 26, 2009, his counsel admitted that plaintiff had not read or relied on the representation. If plaintiff did not rely on the representation, then it does not assist plaintiff's own case, which is all that matters, at least for now. The representation, therefore, is irrelevant. Allegations of reliance by a putative class are now premature. Plaintiff cannot cure a weakness in his own case by alleging some other

2

consumer has a stronger case. Because the representation must be disregarded, this order will focus on whether the complaint states a claim based on an omission. Furthermore, this order is limited to whether plaintiff states a claim under California law. The issue of preemption has not been raised.[*]

**1.   CLRA.**

The California Consumers Legal Remedies Act bars certain unfair or deceptive acts "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." In particular, the relevant portions of the CLRA bar:

>   (5)   Representing that goods or services have sponsorship, approval, characteristics, ingredients, benefits, or quantities which they do not have.
>
>   *          *          *
>
>   (7)   Representing that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another.

Cal. Civ. Code § 1770(a)(5, 7).

Plaintiff alleges that defendants violated the CLRA by failing to disclose safety information about its denture-cream products. Because plaintiff's CLRA claim is based on a failure to disclose information, the issue is whether an omission is actionable under the CLRA.

In *Falk v. General Motors Corp.,* the undersigned judge, relying on state law, stated that a plaintiff can establish a violation of the CLRA based on an omission under four circumstances:

>   (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; [or] (4) when the defendant makes partial representations but also suppresses some material fact.

---

[*] The Texas representation stated that Tubed Super Poligrip products contained zinc and that it was highly unlikely to experience adverse effects from exposure to zinc when using the product as directed. The Texas representation also stated that the products were safe and effective (Compl. ¶ 15).

3

496 F. Supp. 2d 1088 (N.D. Cal 2007) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997)).

Plaintiff does not plead a fiduciary relationship between himself and defendants. The first circumstance is therefore out.

Plaintiff also fails to establish that defendants violated the CLRA under the second circumstance, which requires that defendants have exclusive knowledge of material facts unknown to plaintiff. While plaintiff maintains that safety information regarding the link between zinc consumption and neurological injury would be a material fact to reasonable consumers, plaintiff never establishes the extent of his lack of knowledge of the safety information or that defendants possessed exclusive knowledge of that information. Plaintiff, therefore, fails to state a CLRA claim based on defendants' omission under the second circumstance. Possibly, this can be cured by amendment.

Under the third circumstance, an omission is actionable "when the defendant actively conceals a material fact from the plaintiff." *Judkins,* 52 Cal. App. 4th at 337. To state a claim for active concealment, a plaintiff must plead the following five elements:

> (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

*Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 157 (2004).

Plaintiff alleges that defendants failed to provide consumers with safety information regarding the link between zinc consumption and neurological injury; that safety information would be material to reasonable consumers in deciding whether to purchase or use defendants' products; that defendants were under a duty to disclose such information because it pertained to safety; and that defendants intentionally concealed this information to protect its lucrative market share in denture-cream products. Plaintiff, however, never pleads that he "would not have acted as he did if he had known of the concealed or suppressed fact" or that he was harmed "as a result of" defendants' conduct, as required by *Lovejoy*. Plaintiff merely asserts that defendants'

4

1  conduct was either likely to mislead reasonable consumers or that it would induce the class to
2  purchase and use defendants' products. Plaintiff fails to make similar allegations on *his own*
3  *behalf* and, therefore, fails to establish a violation of the CLRA under the third circumstance.
4  Possibly, this can be cured.

5  Under the fourth circumstance, an omission is actionable when a "defendant makes
6  partial representations but also suppresses some material fact." *Judkins*, 52 Cal. App. 4th at 336.
7  The only representation that plaintiff identifies is the 2007 Texas statement, but because plaintiff
8  did not rely on that statement, as stated above, the Texas representation is irrelevant. Because
9  plaintiff has not identified a representation that he relied on, he fails to properly plead a violation
10 of the CLRA under the fourth circumstance. Possibly, an amendment could cure this flaw.

11 Plaintiff fails to plead sufficient facts to establish that defendants violated the CLRA
12 under any of the four circumstances. Defendants' motion to dismiss plaintiff's CLRA claim,
13 therefore, is **GRANTED**.

14 **3.    SECTION 17200.**

15 Defendants also argue that plaintiff fails to state a claim under Section 17200, which
16 prohibits acts or practices which are: (i) fraudulent, (ii) unlawful, or (iii) unfair. Plaintiff alleges
17 that defendants engaged in fraudulent, unlawful, and unfair practices within the meaning of the
18 statute by failing to disclose material safety information about its products to consumers.

19 **A.    Fraudulent Conduct.**

20 While plaintiff contends that all he must plead to establish a violation of Section 17200
21 based on defendants' fraudulent conduct is that a reasonable consumer is likely to be deceived,
22 after Section 17200 was amended in November 2004, plaintiff must plead that he was injured in
23 fact "as a result" of defendants' fraudulent conduct. This means that plaintiff must allege that
24 had the omitted information been disclosed, he would have been aware of it and behaved
25 differently. Plaintiff fails to make any such allegations on his own behalf. Plaintiff merely states
26 that defendants' omission of safety information induced the class or reasonable consumers to
27 purchase and use defendants' denture-cream products. Plaintiff, therefore, fails to state a claim
28 for fraudulent conduct under Section 17200. Possibly, this too is curable.

5

### B. **Unlawful Practices.**

Plaintiff also alleges that defendants engaged in unlawful practices in violation of Section 17200. A practice is unlawful if it violates a law other than Section 17200 when committed pursuant to business activity. *See Farmers Ins. Exch. v. Super. Ct.,* 2 Cal. 4th 377, 383 (1992). Plaintiff pleads that in marketing and selling its products, defendants concealed safety information about using its products in violation of the CLRA and that a violation of the CLRA constitutes unlawful conduct under Section 17200. Plaintiff, however, has not yet established that defendants violated the CLRA. Accordingly, plaintiff's allegation that defendants violated Section 17200 for unlawful practices fails.

### C. **Unfair Practices.**

A business practice constitutes unfair competition "if it offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous *or* substantially injurious to consumers." *People v. Duz-Mor Diagnostic Laboratory, Inc.*, 68 Cal. App. 4th 654, 658 (1998) (internal quotations and citations omitted). While a business practice can constitute unfair competition if it causes consumers to pay higher prices, a business practice can also constitute unfair competition by establishing that the practice offends public policy. *Ibid.* Plaintiff alleges that defendants created an unreasonable risk of consumer injury by failing to provide consumers with a warning regarding the link between zinc consumption and neurological injury; that there was no countervailing benefit for not providing consumers with a warning; and that consumers would not have purchased, used, or have been forced to discard defendants' products or undergo medical testing as a result of the lack of a warning. Plaintiff adequately pleads that defendants' conduct was unfair within the meaning of the statute, because he pleads that defendants' conduct "created an unreasonable risk of profound physical injury to any persons using Tubed Super Poligrip Products" as a result of the failure to provide safety information to consumers (Compl. ¶ 25). Failing to provide safety information is a practice that violates public policy. *Falk*, 496 F. Supp. 2d at 1096.

Because plaintiff adequately pleads that defendants violated the unfair practices prong of Section 17200, defendants' motion to dismiss plaintiff's Section 17200 claim is **DENIED**.

### 4. RELIEF.

Defendants also argue that plaintiff's claims should be dismissed for not properly pleading his request for relief according to FRCP 8(a). FRCP 8(a) requires that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While FRCP 8(a) itself does not state how much specificity is required, a claim for relief is sufficient if it gives defendants notice of the relief sought.

With respect to the relief plaintiff claims under Section 17200, the relief at issue is: (i) equitable and/or injunctive relief *including* recall and (ii) monetary relief in the form of restitution (including fluid recovery as a certified class action).

Plaintiff's request for injunctive relief is unclear. While he seeks to have defendants' denture-cream products be recalled, he does not state what *other* injunctive relief he seeks. Plaintiff shall amend his complaint to state what other injunctive relief he seeks, if any, both as to himself individually, and separately, as to any class that might later be certified.

Plaintiff also requests monetary relief in the form of "restitution." Restitution under Section 17200 is a disgorgement of money obtained from violations of Section 17200 to the victims of such violations. *See Kraus v. Trinity Management Services, Inc.,* 23 Cal. 4th 116, 126–127 (2000). *Kraus* stated that the only monetary relief expressly available under Section 17200 is restitution, which is defined as an order "compelling a Section 17200 defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken." *Id.* at 137–38. Plaintiff merely states that he was harmed in that he expended money to purchase defendants' products and that the class "ha[s] already or reasonably will expend money for medical assessment and testing to determine if they have been injured" (Compl. ¶ 27). Plaintiff, however, never states specifically what outlays (and to whom paid) he is seeking to recover as restitution. Because restitution is limited to money defendants directly obtained from plaintiff, plaintiff must identify what *he* is seeking with respect to restitution for this Court to determine whether such relief is available. "Fluid recovery" is a form of restitution only available if the class is certified and even then subject to

7

1  restrictions and may be completely unavailable under the law. The new complaint should
2  address what any putative class would be seeking for restitution as well.
3       As for the CLRA, the relief at issue is monetary damages/medical monitoring damages.
4  Plaintiff claims damages for medical testing "to the extent CLASS members have already or
5  *reasonably will* expend money for medical assessment and testing to determine if they have been
6  injured or damaged by their use of Tubed Super Poligrip Products" (Compl. ¶ 27). Defendants
7  contend that the relief requested for *prospective* medical testing is essentially medical monitoring
8  damages. This order agrees. In *Potter v. Firestone Tire & Rubber Co.,* the California Supreme
9  Court stated that prospective medical damages are medical monitoring damages, and that:

> the cost of medical monitoring is a compensable item of damages
> where the proofs demonstrate, through reliable medical expert
> testimony, that the need for future monitoring is a reasonably
> certain consequence of a plaintiff's toxic exposure and that the
> recommended monitoring is reasonable. In determining the
> reasonableness and necessity of monitoring, the following factors
> are relevant: (1) the significance and extent of the plaintiff's
> exposure to chemicals; (2) the toxicity of the chemicals; (3) the
> relative increase in the chance of onset disease in the exposed
> plaintiff as a result of the exposure, when compared to (a) the
> plaintiff's chances of developing the disease had he or she not been
> exposed, and (b) the chances of the members of the public at large
> of developing the disease; (4) the seriousness of the disease for
> which the plaintiff is at risk; and (5) the clinical value of early
> detection and diagnosis.

18  6 Cal. 4th 965, 1009 (1993). In his opposition, plaintiff contends that he was not really
19  requesting medical monitoring damages because "recompense for such expenses actually
20  incurred up to the time of trial does not create a supposed medical monitoring class" (Opp. at
21  11). Even if this were true for medical testing that has already occurred, which is not so clear,
22  it would not be true for future expenses. To the extent plaintiff is or is not seeking medical
23  monitoring costs or testing in the future, plaintiff must amend his complaint to make that clear.
24  If plaintiff is requesting future medical monitoring damages, then plaintiff shall also amend his
25  complaint to plead facts to establish that the need for future monitoring is "a reasonably certain
26  consequence of plaintiff's toxic exposure and that the recommended monitoring is reasonable."
27  *Potter, supra.* Medical monitoring damages, however, may only be available if plaintiff is able
28  to state a claim under the CLRA upon amending his complaint.

Because plaintiff identified one form of relief that is clear, that plaintiff wanted defendants' denture-cream products containing zinc to be recalled, defendants' motion to dismiss plaintiff's complaint on the basis of inadequately claiming relief is **DENIED**.

## CONCLUSION

For the above mentioned reasons, defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part. Plaintiff may move for leave to amend the dismissed claims by **MARCH 30, 2009**. Any such motion should be accompanied by a proposed pleading and the motion should explain why the foregoing problems are overcome by the proposed pleading. Plaintiff must plead his best case. Failing such a motion, all inadequately pled claims will be dismissed without further leave to amend.

**IT IS SO ORDERED.**

Dated: March 17, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE